## M. R. WALDEN v. C. C. CHEEK.

### (Filed 11 May, 1927.)

**Appeal and Error—Record—Pleadings—Dismissal—Statutes.**

> The rule requiring that the pleadings be made a part of the record on appeal is mandatory, and the appeal will be dismissed when not complied with, and the certificate of the Superior Court clerk that a pleading had been lost in his office will not avail the appellant when it does not appear that a substitution cannot be made under the provisions of the law. C. S., 544.

APPEAL by defendant from *McElroy, J.,* at July Term, 1926, of RANDOLPH. Appeal dismissed.

From judgment upon the verdict, as set out in the record, defendant appealed to the Supreme Court.

*No counsel for plaintiff.*
*C. N. Cox and Brittain, Brittain & Brittain for defendant.*

PER CURIAM. The transcript of the record filed in this Court, upon defendant's appeal, does not contain the pleadings upon which the action was tried in the Superior Court. It contains only the reply of plaintiff to the further defense set up in the answer. This is not in compliance with Rule 19, 192 N. C., 847.

It is provided in said rule that "it shall not be necessary to send as a part of the transcript, affidavits, orders, and other process and proceedings in the action not involved in the appeal and not necessary to an understanding of the exceptions relied on. Counsel may sign an agreement, which shall be made a part of the record, as to the parts to be transcribed, and in the event of disagreement of counsel, the judge of the Superior Court shall designate the same by written order: *Provided,* that the pleadings on which the action is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases: *Provided further,* that this rule is subject to the power of this Court to order additional papers and parts of the record to be sent up."

It appears from an affidavit of the clerk of the Superior Court that since the trial the original complaint and answers have been lost, and that although he has made a diligent search for same, he has been unable to find them. It does not appear that application was made to the court for leave to file copies, C. S., 544, or that counsel are unable to file substitutes for the originals.

This appeal must be dismissed for failure to comply with the foregoing rule. The requirement of the first proviso is mandatory; it cannot be dispensed with.

Dismissed.